*20-CV-235*

6/15/2018 9:36 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-002929
Victoria Benavides

NO. D-1-GN-18-002929

| | | |
|---|---|---|
| VICTOIRE VAN DER PAS<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |
| ASSURAVEST, LLC, and<br>HUGHES PRIVATE CAPITAL, LLC,<br>Defendants. | §<br>§<br>§ | 200th   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Victoire Van Der Pas (referred to herein as "Plaintiff") and files this original petition against Assuravest, LLC and Hughes Private Capital, LLC (collectively referred to herein as "Defendants"), and for causes of action would show unto the Court the following:

### I.
### Discovery Control Plan

Discovery in this cause will be conducted pursuant to Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### Parties

Plaintiff is an individual residing in Austin, Travis County, Texas.

Defendant Assuravest, LLC is a limited liability company organized under the laws of a state other than Texas, and may be served with process by serving the Secretary of State of Texas. Assuravest, LLC does not maintain a regular place of business in this state and it does not have nor has it appointed a registered agent in this state upon whom service may be made at the time of the acts which are the basis of this lawsuit; therefore,

Ex. A

pursuant to §17.044 of the Texas Civil Practice and Remedies Code, such acts shall be deemed as appointment by such nonresident Defendant, of the Secretary of State of Texas upon whom service may be had for acts arising out of such business made the basis of such lawsuit, and the Secretary of State may be served at the Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701. The Secretary of State will then forward a copy of such process, certified mail, return receipt requested, to the address of the defendant at 5440 Louie Lane, Suite 106, Reno, Nevada 89511.

In compliance with Tex. Civ. Prac. & Rem. Code §17.045, the home or home address of the non-resident Defendant Assuravest, LLC, is: 5440 Louie Lane, Suite 106, Reno, Nevada 89511.

Defendant Hughes Private Capital, LLC a limited liability company organized under the laws of a state other than Texas, and may be served with process by serving the Secretary of State of Texas. Defendant Hughes Private Capital, LLC does not maintain a regular place of business in this state and it does not have nor has it appointed a registered agent in this state upon whom service may be made at the time of the acts which are the basis of this lawsuit; therefore, pursuant to §17.044 of the Texas Civil Practice and Remedies Code, such acts shall be deemed as appointment by such nonresident Defendant, of the Secretary of State of Texas upon whom service may be had for acts arising out of such business made the basis of such lawsuit, and the Secretary of State may be served at the Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701. The Secretary of State will then forward a copy of such process, certified mail, return receipt requested, to the address of the defendant at 5440 Louie Lane, Suite 106, Reno, Nevada 89511.

In compliance with Tex. Civ. Prac. & Rem. Code §17.045, the home or home address of the non-resident Defendant Hughes Private Capital, LLC, is: 5440 Louie Lane, Suite 106, Reno, Nevada 89511.

### III.
### Venue

All or part of the causes of action stated herein accrued in Travis County, Texas. Accordingly, venue is proper in Travis County, Texas. The District Courts of Travis County, Texas have jurisdiction over this cause because Plaintiffs' damages are in excess of the minimum jurisdictional amount in controversy for such court.

### IV.
### Facts

Defendant Assuravest, LLC ("Assuravest") is an entity that purchases discounted real estate notes in bulk and claims to craft creative workout solutions. Defendant Hughes Private Capital, LLC ("HPC") is the managing member of Assuravest. In May of 2016, Plaintiff invested $100,000 in Assuravest. Before Plaintiff acquired her interest in Assuravest, Assuravest provided her with its Confidential Private Placement Memorandum which provided various representations about Assuravest and the way it would be operated and managed. Additionally, HPC Principals made various representations to Plaintiff, and her husband, regarding the oversight that would be implemented by Assuravest. Specifically, HPC's Principals represented that Assuravest's CPA firm and its third party fund administrator, which he claimed was Fairway America, would review the fund each month to reconcile all accounts, including the investors capital accounts. The representations were intended to convince Plaintiff invest in Assuravest, but they turned out to be false. Assuravest also represented that the

fair market value ("FMV") of the fund would be valued on a quarterly basis by an independent third-party valuator which has extensive experience in the acquisition, management, re-structuring and disposition of performing, nonperforming and sub-performing mortgage loans as well as distressed properties.

Despite the assurances that Plaintiff received before investing in Assuravest that the FMV of the Fund would be evaluated at least quarterly, after Plaintiff invested in Assuravest, the FMV was never reported to Plaintiff because such an evaluation was never performed. Additionally, Plaintiff was not provided any substantive financial information regarding the Fund, other than the 2016 and 2017 K-1s, until she threatened legal action. When Assuravest provided Plaintiff her 2016 K-1 in March of 2017 Assuravest advised Plaintiff that "we are very confident that Assuravest is performing as anticipated and will produce a net profit as forecasted for 2017 and beyond." However, when Plaintiff received her 2017 K-1 in early 2018, it reflected a significant and unexplained loss.

After receiving the 2017 K-1, Plaintiff began pressing HPC's Principals for information regarding the fund and only then did Plaintiff learn that Assuravest was allegedly encountering significant financial trouble, which had not been disclosed. Specifically, Defendants failed to advise Plaintiff that "fully 60% of the assets [Assuravest] funded were either flawed or not delivered at all." Defendants also failed to advise Plaintiff that Assuravest allegedly paid $1.15 million dollars to a vendor for notes that were never delivered and the funds were never returned. Assuravest also failed to disclose that it stopped paying its vendor and was contemplating litigation against it. Plaintiff also learned that the profits/gains that were reported to Plaintiff, and the other

members, in the monthly newsletters were not located in any of the financial statements that Assuravest provided Plaintiff. Additionally, HPC's Principals advised Plaintiff that that they are engaged in a venture identical to Assuravest's business. Accordingly, HPC's Principals appear to be directly competing with Assuravest and/or commingling funds between the two businesses.

Plaintiff has attempted to inquire further regarding the financial problems that Assuravest is experiencing by requesting additional documentation. However, Defendants have steadfastly refused to produce the requested documentation. Defendants refusal to produce documents is without merit or justification because: (1) Assuravest's operating agreement provides that Plaintiff is entitled to examine Assurvest's books and records; and (2) HPC's principals advised Plaintiff and the other investors in an updated dated May 7, 2017 that "as always, you have the right to any of the financials and other information on the notes or assets." Defendants refusal to produce the documents appears to be an attempt to cover up or hide Defendants improper actions.

## V.
## Breach of Contract

Plaintiff reiterates and adopt each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

Defendants entered a valid contract with Plaintiff. Defendants breached the contract or failed to tender performance when it became due. Defendants' breach of the contract was unexcused. All conditions precedent to Defendants' duty to perform were fulfilled by Plaintiff. Plaintiff was damaged by the breach. Causation and damages were a foreseeable consequence of a particular breach.

## VI.

### Common Law Fraud

Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

Defendants made false representations or misrepresentations to Plaintiff. With knowledge or belief by Defendants that the representation was false or that Defendants lack sufficient basis of information to make the representation. Defendants intended to induce Plaintiff to act in reliance on the representation. There was justifiable reliance upon the representation by Plaintiff. Causation and damage to Plaintiff as a result of relying on the misrepresentation occurred and there was clear and convincing evidence of such misrepresentation by Defendants.

### VII.
### Negligence

Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

Defendants owed a legal duty to Plaintiff. Defendants breached the duty to Plaintiff. Defendants' breach of duty proximately caused damages to Plaintiff. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

### VIII.
### Negligent Misrepresentation

Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

Defendants made representations to Plaintiff in the course of Defendant's business or in a transaction in which Defendants had an interest. Defendants supplied false information for the guidance of others. Defendants information was false.

Defendant failed to exercise reasonable care or competence in obtaining or communicating the information. Plaintiff justifiably relied on the representation. Defendants' negligent misrepresentation proximately caused Plaintiff's injury.

## IX.
### Attorneys' Fees

Plaintiff retained the undersigned attorneys to represent Plaintiff and has agreed to pay them reasonable attorneys' fees for their services. Accordingly, Plaintiff is entitled to recover its attorneys' fees based on her claim for breach of contract. Plaintiff further seeks reasonable and necessary attorneys' fees for any successful appeal to any court of appeals and/or the Texas Supreme Court.

## X.
### Conditions Precedent

All conditions precedent to the filing of the lawsuit have been met.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and upon final hearing, Plaintiff have judgment against Defendants for Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000, actual damages, consequential damages, exemplary damages, lawful pre-judgment and post-judgment interest, court costs, attorneys' fees and all other damages allowed by law, together with all further relief at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,

_____
Noel Stout
State Bar No. 24033245
nstout@abdmlaw.com
ALMANZA, BLACKBURN, DICKIE & MITCHELL, LLP
2301 S. Capital of Texas Highway, Building H
Austin, Texas 78746
(512) 474-9486
(512) 478-7151 FAX

**ATTORNEYS FOR PLAINTIFF**